**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT GRUCHACZ<br>123 Scarlet Drive<br>Conshohocken, PA 19428<br><br>Plaintiff<br><br>v.<br><br>COVENTRY RESOURCES LLC<br>7111 E Valley Green Road<br>Fort Washington, PA 19034<br><br>and<br><br>REID BUERGER<br>c/o Coventry Resources, LLC<br>7111 E Valley Green Road<br>Fort Washington, PA 19034<br><br>Defendants | No. |

**COMPLAINT**

Plaintiff Robert Gruchacz, through his undersigned counsel, for his Complaint against Coventry Resources LLC ("Coventry") and Reid Buerger (collectively "Defendants") states as follows.

**INTRODUCTION**

1. This action is brought to remedy Defendants' unlawful decision to terminate Plaintiff's employment on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), in an effort to minimize their financial exposure under various bonus and deferred compensation arrangements, to wrongly deny Plaintiff the wages he had earned under various bonus and deferred compensation arrangements in violation

of the Pennsylvania Wage Payment Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL"), and in interference with his leave rights under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. ("FMLA").

**THE PARTIES**

2. Mr. Gruchacz is a resident of Conshohocken, Pennsylvania and a former employee of Coventry, having served as its Chief Financial Officer until November 18, 2021.

3. Mr. Gruchacz is 62 years old, having been born in April 1960.

4. Mr. Gruchacz is an employee within the meaning of the ADEA, 29 U.S.C. § 630(f), an "employe" within the meaning of the WPCL, 43 P.S. § 260.9a, and an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

5. Coventry is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Fort Washington, Pennsylvania.

6. Coventry is an employer within the meaning of the ADEA, 29 U.S.C. § 630(b), WPCL, 43 P.S. § 260.2a, and FMLA, 29 U.S.C. § 2611(4).

7. Mr. Buerger is the Chief Executive Officer of Coventry and exercised supervisory authority over the company's employees (including Mr. Gruchacz) and made decisions concerning the company's day-to-day operations. Such day-to-day operating decisions included, but are not limited to, hiring, firing, and compensation decisions.

8. Mr. Buerger is an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4), and WPCL, 43 P.S. § 260.2a.

**JURISDICTION AND VENUE**

9. The Court has subject matter jurisdiction over Mr. Gruchacz's ADEA and FMLA claims pursuant to 29 U.S.C. § 1331, as such claims arise under the laws of the United States. The

Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1786 as it relates to Mr. Gruchacz's WPCL and breach of contract claims.

10. The Court has personal jurisdiction over Defendants as they are residents of and domiciled in the Commonwealth of Pennsylvania.

11. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 as Defendants reside in this District and the facts giving rise to this action principally occurred in this District and Division.

**FACTS COMMON TO ALL COUNTS**

12. Coventry, its parent and subsidiary entities, and other affiliated entities are in the life settlement business.

13. Coventry and/or its related entities purchases life insurance policies from individual policyholders and pays them a fee in exchange for transferring ownership in a life insurance policy covering the life of an insured. When that insured dies, Coventry collects the proceeds of the life insurance policy, which is typically an amount greater than the amount it paid for the policy.

14. Coventry generates hundreds of millions of dollars in annual revenue, and it employs hundreds of individuals, including in excess of 50 employees within 75 miles of its corporate headquarters in Fort Washington, Pennsylvania.

15. Mr. Gruchacz is a certified public accountant who has worked in corporate in-house finance and accounting settings for the majority of his career.

16. Coventry hired Mr. Gruchacz as Vice President of Finance in August 2005, when he was 45 years old.

17. At the time he was hired and as a condition of his employment with Coventry, Mr. Gruchacz signed a Non-Disclosure, Non-Competition, and Intellectual Property Agreement that, among other things, prohibits him from competing with Coventry anywhere in the United States, Puerto Rico, or Canada for three years following the termination of his employment with Coventry.

18. During his employment with Coventry, Mr. Gruchacz's office was located at Coventry's corporate headquarters in Fort Washington.

19. Coventry offered Mr. Gruchacz a Long Term Compensation Agreement ("LTCA"), which he accepted, that was effective as of January 1, 2007. The LTCA was intended to provide Mr. Gruchacz with the possibility of earning a Performance Bonus as well as an "Appreciation Bonus," both of which were worth a substantial amount of money.

20. The LTCA was amended as of December 1, 2008.

21. Coventry offered Mr. Gruchacz a Second Long Term Compensation Agreement ("Second LTCA"), which he accepted and which had an effective date of January 1, 2009. Like the initial LTCA, it provided for the payment of an Appreciation Bonus as well as a Performance Bonus.

22. The Second LTCA was amended in a written agreement dated November 1, 2012.

23. Coventry offered, and Mr. Gruchacz accepted, a Third Long Term Compensation Agreement ("Third LTCA") dated January 1, 2012. (The LTCA, Second LTCA, and Third LTCA are collectively referred to as "the LTCAs.")

24. On or about January 1, 2013, Coventry entered into the Coventry Resources LLC First Amended and Restated Performance Bonus Plan with Mr. Gruchacz ("the Performance Bonus Plan").

25. The Performance Bonus Plan superseded the LTCAs, except with respect to Mr. Gruchacz's right to receive Performance Bonuses under the LTCAs that related to a fiscal year prior to the 2013 fiscal year.

26. In or about January 2013, Coventry promoted Mr. Gruchacz to serve as its Chief Financial Officer.

27. On or about January 1, 2014, Coventry entered into the Coventry Resources LLC Appreciation Bonus Plan ("the Appreciation Bonus Plan") with Mr. Gruchacz.

28. The Appreciation Bonus Plan superseded the LTCAs as they related to Mr. Gruchacz's entitlement to an Appreciation Bonus, and it was less favorable than the LTCAs.

29. Mr. Gruchacz was fully vested in his rights under both the Performance Bonus Plan and the Appreciation Bonus Plan as he satisfied their vesting requirements through his ongoing employment with Coventry.

30. Under the Appreciation Bonus Plan, Mr. Gruchacz was entitled to receive millions of dollars if Coventry experienced an "Appreciation Event" while he was employed with the company.

31. Under the Appreciation Bonus Plan, an "Appreciation Event" means the earliest to occur of (i) a Change in Control, (ii) a Retirement Appreciation Event, and (iii) a Disability Appreciation Event.

32. Under the Appreciation Bonus Plan, a Retirement Appreciation Event includes reaching Age 65 while employed with Coventry or a related entity.

33. In addition to participating under the Appreciation Bonus Plan and Performance Bonus Plan, Mr. Gruchacz also received a deferred bonus every year. In some years, the deferred bonus required, as a condition of receipt, continued employment with Coventry.

34. In other years, including but not limited to 2021, however, Mr. Gruchacz was offered a deferred bonus without the added condition that he continue to be employed with Coventry at the time the bonus became payable.

35. Mr. Gruchacz accepted the offer of a deferred bonus and performed all conditions precedent to receiving such a bonus for work he performed on behalf of Coventry in 2021 and in prior years.

36. On November 5, 2021, Mr. Buerger advised Mr. Gruchacz that he intended to terminate Mr. Gruchacz's employment in the future, transition him to an external consulting role, and replace him.

37. Mr. Buerger did not state that Mr. Gruchacz's employment was terminated that day, nor did he give any indication that his employment would be terminated that day, nor did he indicate the date on which Mr. Gruchacz's employment would come to an end or that Mr. Gruchacz was terminated for cause. Instead, Mr. Buerger simply said that the company intended to move in another direction, but that Coventry was interested in entering into a consulting agreement with Mr. Gruchacz following his ultimate, yet undetermined, separation from employment.

38. On October 29, 2021, Mr. Gruchacz's child was admitted to a hospital located out of state and was prematurely released on November 4, 2021.

39. On November 5, 2021, Mr. Gruchacz learned that his child's medical condition would require him and his wife to travel out of state and care for their child for an extended period of time.

40. On November 8, 2021, Mr. Gruchacz advised Antonio Muniz, Coventry's then Chief Operating Officer, of his need for FMLA leave to care for his child.

41. Mr. Muniz acknowledged Mr. Gruchacz's request for FMLA leave, and Mr. Buerger was aware of Mr. Gruchacz's need for FMLA leave as well.

42. Because Mr. Gruchacz had not received any further communication regarding his need for FMLA leave, including any requests that he complete any specific FMLA-related paperwork, Mr. Gruchacz reiterated his need for FMLA leave to Amy Welsh, Esquire, Coventry's General Counsel, in an email dated November 17, 2021.

43. Mr. Gruchacz continued to receive his regular pay while he was out on FMLA leave.

44. The day after emailing Ms. Welsh—on November 18, 2021—Mr. Gruchacz received an email from Ms. Welsh advising him that his employment had been terminated and forwarding a proposed severance agreement with a retroactive termination date of November 5, 2021. Ms. Welsh also asked that Mr. Gruchacz let her know whether he was interested in entering into a consulting agreement. She made no indication that Mr. Gruchacz had been terminated for cause.

45. A severance agreement was never reached, and a consulting agreement was not offered to Mr. Gruchacz.

46. Under the Performance Bonus Plan, because he had been terminated without cause, Mr. Gruchacz was entitled to receive "the full amount of any unpaid Performance Bonus (but none of any unpaid Advanced Bonus)" within 30 days of the date of his termination.

47. Coventry failed to pay Mr. Gruchacz his Performance Bonus and, when questioned as to why, asserted without evidence or any basis in reality, and inconsistent with its prior representations to him and course of dealing, that he had been terminated for "Cause," as that term is defined in the Performance Bonus Plan.

48. The Performance Bonus Plan defines "Cause" as follows:

> "Cause" shall mean a Participant's (i) material failure, refusal or neglect to perform and discharge his or her duties and responsibilities to Coventry or a Related Entity, or a successor or assign of Coventry or a Related Entity; (ii) misconduct that is injurious to the business interests or reputation of Coventry or a Related Entity, or a successor or assign of Coventry or a Related Entity, as determined in good faith by the Board; (iii) unethical business or illegal conduct (including, without limitation, the use by the Participant of any illegal substances); (iv) conviction of a felony; or (v) any other occurrence that would constitute Cause pursuant to a Participant's employment agreement, if any, with Coventry or a Related Entity, or a successor or assign of Coventry or a Related Entity.

Performance Bonus Plan at Section II.D.

49. Mr. Gruchacz was not terminated for Cause as defined in the Performance Bonus Plan and at no point have Defendants identified any facts that would support a finding of cause.

50. Mr. Gruchacz's performance evaluations were stellar, he was not accused of any wrongdoing, and Mr. Gruchacz was not told that he was being terminated for cause at the time he was terminated or in his prior conversation with Mr. Buerger.

51. Mr. Gruchacz applied for unemployment compensation insurance with the Commonwealth of Pennsylvania, and the Office of Unemployment Compensation Benefits expressly found that: a) Mr. Gruchacz was eligible for such benefits; and b) that his discharge from employment was not due to "willful misconduct" pursuant to 43 P.S. § 802(e).

52. "[W]illful misconduct" means "wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer." *McLean v. Unemployment Compensation Bd. of Review*, 383 A.2d 533, 535 (Pa. 1978) (citations omitted).

53. Instead, Coventry terminated Mr. Gruchacz on account of his age in order to avoid paying him millions of dollars when he turned age 65 under the Appreciation Bonus Plan and to

replace him with a younger, less expensive, employee who was hired to fulfill duties comparable to those Mr. Gruchacz performed while employed at Coventry.

54. In addition to the foregoing, and despite having performed all necessary work antecedent to receiving deferred bonus payments, Coventry failed to pay Mr. Gruchacz his deferred bonus payment.

**COUNT I – AGE DISCRIMINATION**

55. Mr. Gruchacz repeats and reaffirms paragraphs 1 through 54 of the Complaint as if they are fully restated at length herein.

56. Mr. Gruchacz is an employee under the ADEA and over 40 years of age. He is 62 years old.

57. Coventry terminated his employment, which was an adverse employment action.

58. Mr. Gruchacz was qualified for his position as the CFO of Coventry, having served in the role for approximately eight years prior to his termination.

59. Pursuant to 29 U.S.C. § 623(a), it is unlawful to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

60. Coventry terminated Mr. Gruchacz because of his age in order to, *inter alia,* replace him with a younger employee and to avoid paying him millions of dollars under the Appreciation Bonus Plan when he turned 65 years old.

61. Coventry's proffered explanation for the reasons why it terminated Mr. Gruchacz are a pretext for unlawful discrimination.

62. Coventry's termination of Mr. Gruchacz's employment constituted unlawful age discrimination under the ADEA and was a willful violation of the statute.

63. Given the terms of his noncompetition agreement, along with his age, Coventry's termination of Mr. Gruchacz's employment was effectively a career ending decision.

64. Mr. Gruchacz has been unable to obtain comparable employment since his discharge.

65. Mr. Gruchacz has suffered economic and non-economic harm as a result of the wrongful discharge of his employment in the form of: lost wages; the loss of his Appreciation Bonus, his Performance Bonus, and deferred bonuses; emotional pain and suffering; and lost future earning capacity.

66. Pursuant to 29 U.S.C. § 630(c), "any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of [the ADEA]."

67. Mr. Gruchacz filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

68. On September 8, 2022, the EEOC issued Mr. Gruchacz a Notice of Right to Sue.

69. All conditions precedent to filing the present lawsuit alleging age discrimination have been satisfied.

WHEREFORE, Mr. Gruchacz respectfully requests that this honorable Court enter judgment in his favor and against Coventry enjoining its discriminatory conduct and providing the following additional relief:

a. Back pay, front pay, and compensatory and punitive damages in an amount to be determined at trial;

b. Liquidated damages;

b. Award him his costs and reasonable attorney's fees;

c. Eliminating all unlawful practice(s) and procedures(s);

d. Remedying the harmful effects of past unlawful practice(s) and procedures(s);

e. Taking further affirmative action necessary and appropriate to remedy the violations complained of herein; and

f. Provide such further relief as the Court deems necessary, appropriate, and just.

**COUNT II – VIOLATION OF THE FMLA**

70. Mr. Gruchacz repeats and reaffirms paragraphs 1 through 69 of the Complaint as if they are fully restated at length herein.

71. Mr. Gruchacz was an eligible employee under the FMLA at the time he commenced a leave of absence on or about November 5, 2021 in order to address his child's serious health condition.

72. Defendants were aware Mr. Gruchacz was an eligible employee under the FMLA.

73. Defendants were aware of Mr. Gruchacz's need and request for leave under the FMLA in November 2021.

74. Defendants were aware that Mr. Gruchacz was entitled to leave under the FMLA in November 2021.

75. Defendants failed to provide Mr. Gruchacz with leave under the FMLA when he was entitled to it.

76. Instead, Defendants willfully feigned ignorance of Mr. Gruchacz's request and need for FMLA leave, denied him the FMLA leave to which he was entitled, and terminated Mr. Gruchacz's employment without cause and in interference with his rights under the FMLA and in retaliation for his exercise of them on November 18, 2021.

77. Mr. Gruchacz has suffered economic and noneconomic harm as a result of Defendants' wrongful termination of his employment.

78. The termination of Mr. Gruchacz's employment while on FMLA leave unlawfully interfered with his federally protected right to leave to care for his ill child under the FMLA.

WHEREFORE, Mr. Gruchacz respectfully requests that this honorable Court enter judgment in his favor and against Defendants as to Count II of the Complaint and providing the following additional relief:

a. Any wages, salary, employment benefits, or other compensation denied or lost to Mr. Gruchacz by reason of the violation, including bonus compensation, or, alternatively, any actual monetary losses sustained by Mr. Gruchacz as a direct result of the violation, up to a sum equal to 12 weeks of wages or salary for the employee;

b. Prejudgment interest at the prevailing rate

c. An additional amount as liquidated damages;

d. Equitable relief, including but not limited to front pay;

e. Award him his costs and reasonable attorney's fees; and

f. Provide such further relief as the Court deems necessary, appropriate, and just.

**COUNT III – BREACH OF CONTRACT**

79. Mr. Gruchacz repeats and reaffirms paragraphs 1 through 78 of the Complaint as if they are fully restated at length herein.

80. The Performance Bonus Plan was and is a valid contract supported by adequate consideration.

81. The deferred bonuses offered to Mr. Gruchacz were valid contracts supported by adequate consideration.

82. Mr. Gruchacz accepted the contracts and performed all conditions precedent to receiving payment under the Performance Bonus Plan and deferred bonus program.

83. As a party to the contracts, Coventry owed Mr. Gruchacz a duty of good faith and fair dealing.

84. Coventry breached its contractual obligations to Mr. Gruchacz, including its duty of good faith and fair dealing, by failing to pay him under the Performance Bonus Plan and deferred bonus programs and manufacturing untrue and unsupported justifications for its breaches of contract in a transparent attempt to avoid its payment obligations.

85. Mr. Gruchacz has suffered damages as a result of Coventry's breach of contract.

86. As a result of Coventry's actions, Mr. Gruchacz has also been forced to incur legal fees, in an amount to be determined at trial, to dispute Coventry's actions, which has caused Mr. Gruchacz financial and emotional distress.

WHEREFORE, Mr. Gruchacz respectfully requests that this honorable Court enter judgment in his favor and against Coventry with respect to Count III of the Complaint and provide the following additional relief:

a. a declaratory judgment confirming Coventry's incorrect application and administration of the contracts;

b. damages against Coventry for breach of contract in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit;

c. an award of extra-contractual compensatory and incidental and consequential damages together with interest;

d. damages for Mr. Gruchacz's emotional distress and harm to his reputation; and

e. such other relief the Court deems just and proper.

**COUNT IV – VIOLATION OF THE WPCL**

87. Mr. Gruchacz repeats and reaffirms paragraphs 1 through 86 of the Complaint as if they are fully restated at length herein.

88. At all relevant times, Plaintiff was employed by Coventry within the meaning of the WPCL.

89. Pursuant to the WPCL, every employer shall pay all wages, other than fringe benefits and wage supplements, due to its employees on regular paydays designated in advance by the employer.

90. The bonus payments payable under the Performance Bonus Plan and deferred bonus program constitute wages under the WPCL.

91. By repeatedly and unjustifiably failing to pay Plaintiff the wages owed to him under the Performance Bonus Plan and deferred bonus program, as alleged herein, Defendants violated the WPCL.

92. Pursuant to the WPCL, any employee to whom any type of wage is payable may institute an action under the WPCL to recover unpaid wages, fringe benefits, and liquidated damages, as well as costs and reasonable attorneys' fees, in any court of competent jurisdiction for and on behalf of himself. 43 P.S. §§ 260.9a, 260.10.

93. Defendants are thus liable to Plaintiff for all wages owed, fringe benefits, liquidated damages as permitted in 43 P.S. §§ 260.9a and 260.10, his costs, and reasonable attorneys' fees.

WHEREFORE, Mr. Gruchacz respectfully requests that this honorable Court enter judgment in his favor and against Defendants with respect to Count IV of the Complaint and provide the following additional relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the WPCL;

b. An injunction requiring Defendants to cease its unlawful practices under, and comply with, the WPCL;

c. An award of unpaid wages to Mr. Gruchacz under the Performance Bonus Plan and deferred bonus program;

d. An award of liquidated damages as a result of Defendants willful violation of the WPCL;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' fees and costs; and

h. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

/s/ Adam H. Garner
Adam Harrison Garner (320476)
Melanie J. Garner (315058)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 550
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
adam@garnerltd.com

*Attorneys for Plaintiff*

Dated: November 28, 2022